IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICKSON OCASIO, on behalf of plaintiff and the class members described herein, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| FIRST FINANCIAL INVESTMENT FUND V LLC, and TATE & KIRLIN ASSOCIATES, INC., | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

Plaintiff Erickson Ocasio brings this action to secure redress from unlawful credit and collection practices engaged in by defendants First Financial Investment Fund V LLC ("First Financial") and Tate & Kirlin Associates, Inc. ("Tate"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

2. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications and activities impacted plaintiff within this District;

   b. Defendant does business within this District.

## PARTIES

3. Plaintiff, Erickson Ocasio, is a resident of Chicago, Illinois.

4. Defendant, First Financial, is a limited liability company chartered under Delaware law with principal offices at 3091 Governors Lake Drive, Suite 500, Norcross, GA 30071. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

5. First Financial purchases or claims to purchase charged-off medical debts. It then seeks to collect the debts from consumers through lawsuits, dunning and otherwise.

6. First Financial is the plaintiff in scores of collection lawsuits filed in Illinois courts.

7. First Financial uses the mails and telephone system to conduct business.

8. First Financial is a licensee under the Illinois Collection Agency Act.

9. First Financial is a debt collector as defined in the FDCPA.

10. Defendant Tate is a corporation organized under Pennsylvania law with principal offices at 2810 Southhampton Road, Philadelphia, PA 19154. It does business in Illinois. Its registered agent and office is National Registered Agents Inc., 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

12. Tate operates a collection agency, using the mails and telephone system to collect debts originally owed to others.

13. Tate is a licensee under the Illinois Collection Agency Act.

14. Tate is a debt collector as defined in the FDCPA.

15. Tate describes itself on its web site (http://tate-kirlin.biz/wordpress/) as a "national provider of accounts receivable management services."

16. Tate's actions described herein were undertaken as First Financial's agent.

## FACTS

17. On or about June 1, 2015, Tate sent plaintiff, on First Financial's behalf, the letter attached as Exhibit A.

18. Exhibit A is a form letter regularly used by Tate to collect for First Financial.

19. Exhibit A is a form intended for use as the first letter Tate sends to a consumer.

20. On or about August 7, 2015, Tate sent plaintiff, on First Financial's behalf, the letter attached as Exhibit B.

21. Exhibit B is a form letter Tate regularly uses to collect for First Financial.

22. Exhibits A-B seek to collect a medical debt incurred at Weiss Memorial Hospital between September 20, 2009 and September 26, 2009, more than five years prior to the date of the letters.

23. No payments were made on the account after October 2009.

24. The debt was for non-elective services performed more than five years prior to the date of the letters.

25. Any such debt was incurred for personal, family, or household purposes, and not for business purposes.

26. A debt for non-elective medical services is not one governed by a written contract. Even if the patient signs a consent form prior to services being performed, (a) the extent and cost of the services ultimately required and (b) the amount covered by insurance cannot be definitively known prior to performance, so the contract cannot be one wholly in writing.

27. The applicable Illinois statute of limitations is therefore five years, 735 ILCS 5/13-205; *Portfolio Acquisitions, L.L.C. v. Feltman*, 391 Ill.App.3d 642, 909 N.E.2d 87 (1st Dist. 2009).

28. Exhibits A-B offer a settlement or "discount." They state that paying will "satisfy your account." Exhibit B adds that "We are not obligated to renew this offer."

29. Tate regularly sends Exhibits A-B to collect non-elective medical bills that are more than five years and one month since the date of service or last payment by the consumer, including such debts allegedly owned by First Financial.

## COUNT I – FDCPA

30. Plaintiff incorporates paragraphs 1-29.

31. Exhibits A-B imply that the alleged debt is legally enforceable.

32. Nothing in any of the correspondence Defendants sent disclosed that the debt was barred by the statute of limitations or not legally enforceable.

33. It is Defendants' policy and practice to send and cause the sending of letters seeking to collect time-barred debts that (a) offer settlements and (b) do not disclose that the debt is time-barred.

34. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)

35. In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is

attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

36. On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28.

37. The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

38. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the

FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

39. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

40. Courts have also held that the offer of a settlement on a time-barred debt is misleading. *Buchanan v. Northland Group, Inc.*, 776 F.3d 393 (6th Cir. 2015); *McMahon v. LVNV, LLC*, 744 F.3d 1010 (7th Cir. 2014).

41. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers letters in the form of Exhibits A-B, offering to settle time-barred debts without disclosure of that fact.

42. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> > **(2)    The false representation of--**
> >
> > > **(A)    the character, amount, or legal status of any debt; . . .**
> >
> > **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
> >
> > **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

43. Section 1692f provides:

> **§ 1692f.     Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

44. Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

45. The Tate class consists of (a) all individuals with Illinois addresses (b) to whom defendant Tate (c) sent a letter offering to settle or discount (d) a medical debt on which the last payment or activity had occurred more than five years and one month prior to the letter, (e) as to which defendant cannot produce a written agreement specifying the dollar amount of the debt and agreeing to pay it (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

46. The First Financial class consists of (a) all individuals with Illinois addresses (b) who were sent on behalf of First Financial (by Tate or anyone else) (c) a letter offering to settle or discount (d) a medical debt on which the last payment or activity had occurred more than five years and one month prior to the letter, (e) as to which defendant cannot produce a written agreement specifying the dollar amount of the debt and agreeing to pay it (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

47. On information and belief, based on the use of form letters, the class members are so numerous that joinder of all members is not practicable.

48. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants' letters violate the FDCPA when sent to collect a time-barred debt.

49. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

50. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

51. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    (a) Statutory damages;

    (b) Actual damages, including all amounts paid on time-barred debts;

    (c) Attorney's fees, litigation expenses and costs of suit; and

    (d) Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine C. Charpie
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com


Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
Amelia S. Newton
*amy@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Nicholas J. Hagman
*nick@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020
(312) 440-4180 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

      Please be advised that we claim a lien upon any recovery herein for such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

    /s/ Daniel A. Edelman
Daniel A. Edelman

    /s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr.

## **DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

      /s/ Daniel A. Edelman
      Daniel A. Edelman