**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERICKSON OCASIO,<br>on behalf of plaintiff and the class<br>members defined herein, | ) ) ) | |
| | ) | 15-cv-10167 |
| Plaintiff, | ) | Honorable Judge Sara L. Ellis |
| vs. | ) | Magistrate Judge Maria Valdez |
| | ) | |
| FIRST FINANCIAL INVESTMENT FUND V<br>LLC, and TATE & KIRLIN ASSOCIATES,<br>INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF FINAL**
**APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

Plaintiff Erickson Ocasio ("Plaintiff"), individually and as representative of the Class of similarly situated persons, by Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC, and Zimmerman Law Offices, P.C., respectfully submit the following Memorandum in Support of Final Approval of the Class Action Settlement Agreement ("Agreement"), which this Court preliminarily approved on March 14, 2017.

**I.      SUMMARY OF NOTICE PROVIDED TO CLASS**

On or before April 13, 2017—subsequent to the entry of the preliminary approval order—notice of the settlement of this action was mailed to 1,453 individuals identified as members of the Class[1]. (Appendix 1, Affidavit of Bailey Hughes) The U.S. Post Office returned three notices with forwarding addresses, to which those notices were forwarded, and 129 notices as "undeliverable" with no forwarding address or further information provided by the U.S. Postal

---

[1] The Settlement Administrator identified 50 duplicates from the original list of 1,503 Class Members.

Service. There were no objections or requests for exclusion received by the June 12, 2017 deadline. There were 179 claim forms which were returned and postmarked before the June 12, 2017 deadline. Two claim forms were received after June 12, 2017.

With the Court's permission, the parties agree that the 2 late claim forms will be treated as valid and timely claim forms. If the Court elects to include the 2 additional claim forms, the "Participating Class" would consist of 181 individuals and each will receive approximately $110.49. If the Court elects not to include the additional claim forms, the Participating Class will consist of 179 individuals and each will receive approximately $111.73.

## II.     OVERVIEW OF THE LITIGATION PRECEDING SETTLEMENT

The above captioned lawsuit was filed by Plaintiff in the United States District Court for the Northern District of Illinois, Eastern Division. Plaintiff alleged that Defendants First Financial Investment Fund V, LLC ("First Financial") and Tate & Kirlin Associates, Inc. ("T&K") violated the Fair Debt Collection Practices Act ("FDCPA") in using form letters containing settlement offers on time-barred non-elective medical debts without disclosure of the fact that the debt was time-barred. Plaintiff alleged that Defendants violated the FDCPA, 15 U.S.C. §1692 *et. al*.

The parties were successful in reaching an agreement to settle the case on a class-wide basis. The parties' agreement was preliminarily approved by the Court on March 14, 2017. Defendant served the notice required by the Class Action Fairness Act on March 16, 2017. As demonstrated below, the parties' Agreement is now ripe for this Court's consideration and final approval.

2

## III. TERMS OF THE SETTLEMENT

The parties' agreement covers a settlement class of approximately 1,453 persons, all of whom are "individuals with Illinois addresses (b) to whom defendant T&K (c) sent a letter on behalf of First Financial (c) offering to settle or discount (d) a medical debt on which the last payment or activity date had occurred more than five years and one month prior to the letter, (e) as to which T&K does not have in its possession a written agreement specifying the dollar amount of the debt and agreement to pay it (f) which letter was sent on or after November 9, 2014 and on or before November 30, 2015."

Defendants have agreed to provide the following relief to Plaintiff and the Class:

> Relief to Plaintiff. Defendant agreed to pay $2,500 to Plaintiff as damages, for his claims, and as an incentive award for bringing the claims on behalf of the Class. This payment is subject to Court approval.

> Class Recovery. Defendant agreed to pay $20,000 to create a Class fund, which shall be distributed pro rata to all Class Members, who submitted a claim form.

> Costs. Defendant agreed to pay all costs associated with the notice under this class settlement and the costs of administering the class settlement.

If any of the settlement checks to the Class are not cashed by the Void Date, said funds (after deduction of any stop payment charges on the uncashed checks) will be donated, in equal shares, to the Illinois Bar Foundation as a *cy pres* award, within thirty (30) days following the last Void Date of the settlement checks.

The agreement further provided that Defendant would pay Edelman, Combs, Latturner & Goodwin LLC, and the Zimmerman Law Offices, P.C. for their service as Class Counsel,

$35,500 in attorneys' fees and costs. This payment is subject to the Court's approval, and Plaintiff requests approval of this amounts.

## IV. THE ADMINISTRATION OF THIS CLASS ACTION SETTLEMENT

### A. The Preliminary Approval Order.

On March 14, 2017, this Court entered an order granting preliminary approval of the Agreement reached between the parties. In the Preliminary Approval Order ("Order"), the Court specifically found that the proposed terms of the settlement satisfied all of the elements of Federal Rule of Civil Procedure 23(a) and 23(b)(3).

The Order further established a procedural framework for the final approval of the settlement. The Order required the parties to cause notice to be mailed to the members of the above defined Class, set deadlines and procedures for the submission of claim forms, requests for exclusion and objections to the settlement, and set a fairness hearing for July 26, 2017.

### B. The Sending of Class Notice.

Subsequent to the entry of the Preliminary Approval Order, on April 13, 2017, Defendant caused notice of the settlement to be sent via U.S. Mail to the 1,453 individuals who were identified as members of the Class. Of this number, the U.S. Post Office returned three notices with forwarding addresses, to which those notices were then forwarded. The U.S. Post Office returned 129 of the notices as "undeliverable" with no forwarding address or further information provided by the U.S. Postal Service.

As of the date of this filing, no requests for exclusions or objections have been received or filed.

4

## V. THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT

The settlement satisfies all the requirements of Rule 23.

### A. Rule 23(a)(1) - The Settlement Class Is So Numerous That Joinder Of All Members Is Impracticable.

As determined through the parties' discovery, there were 1,453 individuals who met the

Class definition, and who were subsequently sent notice of the settlement, pursuant to the

Court's order. The United States Court of Appeals for the Seventh Circuit has recognized that as

few as 40 class members are sufficient to satisfy the "numerosity" requirement of Rule 23(a)(1).

*Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969); *see also*

*Newberg on Class Actions*, 3rd ed. Sec. 3.05, pp. 3-25 ("The difficulty in joining as few as 40

class members should raise a presumption that joinder is impracticable, and the plaintiff whose

class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone."). The

number of Class Members in this case plainly satisfies the numerosity requirement of Rule

23(a)(1).

### B. Rule 23(a)(2) - The Claims Of The Settlement Class Arise From Common Questions Of Law And Fact.

The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class

members' claims arise from a common nucleus of operative fact. *Rosario v. Livaditis*, 963 F.2d

1013 (7th Cir. 1992). Rule 23(a)(2) requires only that the class members share at least one

question of fact or law in common. *Kreuzfeld A.G. v. Carnehammer*, 138 F.R.D. 594, 599

(S.D.Fla. 1991) (the issue of commonality "turns on whether there exists at least one issue

affecting all or a significant number of proposed class members"). In the present case, the

5

essential fact that links all Class Members is that Defendants sent a form letter to members of the class in an attempt to collect on a consumer debt. Each of these letters are virtually identical, and thus contain precisely the same alleged violation of the FDCPA.

**C.    Rule 23(a)(3) - Named Plaintiff's Claims are Typical Of the Claims Of The Settlement Class.**

The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the same reasons that the "commonality" requirement of Rule 23(a)(3) is met. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory"); *see also Kornberg v. Carnival Cruse Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (the typicality requirement is satisfied where the "claims or defenses of the class and the class representative arise from the same event or practice and are based upon the same legal theory").

In the present case, typicality is inherent in the class definition. By definition, the members of the class were subjected to the same practices as Plaintiff, and thus suffered the same violation of the FDCPA that Plaintiff suffered.

**D.    Rule 23(a)(4) - The Named Plaintiff and Class Counsel Will Fairly And Adequately Protect The Interests Of The Settlement Class.**

The determination that the "representative parties will fairly and adequately protect the interests of the class" as required by Rule 23(a)(4) involve two considerations: (1) whether the Plaintiff's attorneys are properly qualified and experienced to conduct the litigation; and (2) whether the Plaintiff has any interests antagonistic to the class. *General Tel. Co. v. Falcon*, 102

S.Ct. 2364, 2370, n.13 (1982); *Retired Chicago Policy Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993).

As set forth in Class Counsel's Declarations, attached hereto as <u>Appendices 2-3</u>, Plaintiff's counsel is experienced in class action litigation. In addition, Plaintiff has no interests in conflict with the Class. Therefore, the named Plaintiff and his counsel satisfy the adequacy of representation requirement of Rule 23(a)(4).

### E.     The Settlement Class May Be Certified Pursuant to Rule 23(b)(3).

Class certification is appropriate under Rule 23(b)(3) where: (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. Both of these requirements are satisfied in the present case.

### 1.     Common questions predominate over individual issues.

In order for common questions of law or fact to predominate over individual issues for purposes of Rule 23(b)(3), common issues must constitute a significant part of the individual cases. *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). Courts "generally focus on the liability issues in deciding whether the predominance requirement is met, and if the liability issue is common to the Class, common questions are held to predominate." *In re Alexander Grant & Co. Litigation*, 110 F.R.D. 528, 534 (S.D.Fla. 1986); *see also Dura-Built Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 89 (S.D.N.Y. 1981). In the present case, a common issue relating to the lawfulness of Defendant's practice of using a form collection letter

which fails to provide the statutory dispute rights as provided by the FDCPA, predominates over individual issues, if any, as required by Rule 23(b)(3).

### 2.     A Class Action is Superior to Other Methods of Resolving This Matter.

For many of the reasons set forth above, a class action is the superior method to resolve the claims presented in this action.  In determining the superiority of a class action, the Court must consider the best available method of resolving the controversy in keeping with the goal of judicial economy.  In reaching this determination, the Court should consider the inability of the uninformed to bring their claims and the improbability that large numbers of class members would possess the initiative to litigate individually.  *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974). In *Phillips Petroleum Company v. Shutts*, 472 U.S. 797, 809, 105 S.Ct. 2965 (1985), the Supreme Court recognized that in cases where the class members' claims are too many or too small to litigate on an individual basis, the Court should certify the case as a class action under Rule 23(b)(3).

Given the large number of individual lawsuits that would be required if a class were not certified, a class action presents a superior method to fairly and efficiently adjudicate all of the claims of the class in this case, within the meaning of Rule 23(b)(3).  To the extent that any Class Members wished to pursue any such individual claim, they were free to opt-out of the settlement under Rule 23(b)(3).  In the present case, no Class Members elected to exclude themselves from the settlement.

8

**F.     The Standard For Granting Final Approval To The Class Action Settlement.**

In *Amchem Productions, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231 (1997), the United States Supreme Court explained that, before approving a class action settlement, the District Court must first be satisfied that the elements of Rule 23(a) and 23(b) have been met.  *Id.* at 621, 117 S.Ct. at 2248.

Once the Court has determined that the requirements of Rule 23(a) and 23(b) have been met, the Court must then determine whether Rule 23(e) has been satisfied by determining whether the settlement is fair, reasonable, and adequate.  *General Electric Capital Corporation v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997).   The Court considers the following six factors in making this determination:

    1.     The strength of the plaintiff's case on the merits measured against the terms of the settlement;

    2.     The complexity, length, and expense of continued litigation;

    3.     The amount of opposition to the settlement among class members;

    4.     The presence of collusion in gaining a settlement;

    5.     The stage of the proceedings; and

    6.     The amount of discovery completed.

*Id*. (citing *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)).   The class action settlement in the present case satisfies each of the factors outlined in *GE Capital*.

While Plaintiff believes he would have prevailed at trial on the merits, there are certain risks associated with further litigation.   Even if Plaintiff prevailed on the issue of whether Defendant's conduct violated the FDCPA, it is possible that Defendant would have been able to

9

prove that its violation was a bona fide error notwithstanding procedures in place to avoid such violations.

The compromise provides that each Class Member whose claim form is accepted by the Court will receive a *pro rata* cash payment from the settlement fund established by Defendant. Based on the number of claim forms received, and assuming the Court allows for the addition of the late claim forms, each Class Member will receive approximately $110.49. The arguable strength of the Class's claims compares favorably to the terms of the settlement, satisfying the first of the *GE Capital* factors.

In addition, the settlement is warranted by the complexity, length and expense of continued litigation, satisfying the second *GE Capital* factor. The settlement easily satisfies the third *GE Capital* factor because none of the 1,453 Class Members elected to exclude themselves from the settlement.

As evidence of the lack of any collusion, the above-described settlement amount compares favorably to the direct benefits to the Class, thereby satisfying the fourth *GE Capital* factor.

Finally, the fifth and sixth *GE Capital* factors also support the final approval of this settlement in light of the stage of pre-trial proceedings and the discovery completed to date. This action was brought on November 9, 2015. After Defendants answered the Complaint, the parties exchanged written discovery and scheduled depositions. In August 2016, Class Counsel and First Financial had a discovery dispute regarding the disclosure of potential Class Members. The parties conducted a Rule 37 conference in an attempt to resolve the dispute. When the discovery

10

dispute went unresolved, Class Counsel filed a motion to compel. Before that dispute could be resolved and before any depositions could be taken, Class Counsel and Defendants began discussing the possibility of settlement. That being said, Class Counsel completed nearly all fact discovery including class discovery and was prepared to move for a renewed motion for class certification as well as begin briefing liability on cross motions for summary judgment.

Additionally, the parties engaged in lengthy settlement discussions throughout the discovery period. Following the completion of nearly all discovery, with the exception of a small number of discovery disputes which remained unresolved, the parties continued their settlement negotiations in an attempt to resolve the case without incurring the additional time and expense which would result from preparing and appearing for a settlement conference. The parties exchanged numerous written correspondence and phone discussions in attempts to resolve the litigation, including the production of Defendants' financial statements. Ultimately, the parties reached an amicable settlement without the assistance of the Court. Class Counsel and Defendant's counsel worked together to draft and approve various settlement documents, and moved for preliminary approval of the settlement.

Given the stage of proceedings and the investigation and discovery completed, the proposed settlement satisfies the fifth and sixth *GE Capital* factors.

## VI.    THE ATTORNEYS' FEES AND COSTS ARE REASONABLE

Pursuant to the Agreement, and subject to this Court's approval, Defendants will pay attorneys' fees and costs not to exceed $35,500. Class Counsel's request is fair and reasonable.

The FDCPA allows Class Counsel to recover for their work in this action. Section 1692k provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person" is liable, *inter alia*, for "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorneys' fee as determined by the court." 15 U.S.C. §1692k(a)(3). To date, Class Counsel has incurred more than $94,000.00 in fees and costs.

As set forth in the Declarations of Class Counsel (Appendices 2-3), Class Counsel include experienced class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter.

In computing the lodestar, the hourly billing rate applied is the hourly rate that is normally charged in the community where counsel practices, *i.e.*, the "market price." *See, e.g., Blum v. Stenson*, 465 U.S. 886, 895 (1984); *McDonald v. Armontrout*, 860 F.2d 1456, 1459 (8th Cir. 1988) ("in most cases, billing rates reflect market rates – they provide an efficient and fair short-cut for determining the market rate"); *Spencer v. Comserv Corp.*, 1986 WL 15155 at *10 (D.Minn. Dec. 30, 1986) ("compensating a nationally recognized securities class action attorney at his hourly rate is entirely appropriate."); *Lindy Bros.Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3rd Cir. 1973) ("The value of an attorney's time generally is reflected in his normal billing rate."). The hourly rates of Class Counsel, and a detailed listing of Class Counsel's lodestar, are set forth in Exhibits G and C of their Appendices.

The actual lodestar and expenses incurred by Class Counsel, as of July 19, 2017, is in excess of $94,000.00. (*See* Exhibit G to the Declaration of Daniel A. Edelman, Appendix 2, and

Exhibit C to the Declaration of Thomas A. Zimmerman, Jr., Appendix 3). This amount—already exceeding the agreed upon maximum amount of attorneys' fees and costs—does not include time spent preparing for, and appearing at, the fairness hearing plus the continuing calls from Class Members, inquiring about the settlement checks. Accordingly, the request for $35,500 is fair and reasonable, and Plaintiff requests that the Court approve that amount.

The settlement in this case also complies with recent case law from the Seventh Circuit concerning class action awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014), and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). First, the award to the class is distinct and separate from the attorneys' fees in this case. The FDCPA is a fee shifting statute and the fees being awarded to Class Counsel would not come from a class fund, but rather by payment directly from Defendants, pursuant to the fee shifting provision of the FDCPA as set out in Section 1692k(a)(3). Thus, the size of the attorneys' fees award does not affect the award to the class, unlike cases such as *Pearson*, *Redman* and *Eubank* where payment of the attorneys' fees affected the total payment to the class.

In light of the results achieved for the Class Members, and the length of time and difficulty in achieving those results, an award of $35,500 to Class Counsel is fair and reasonable.


VII.   CONCLUSION

For all the reasons set forth above, Plaintiff individually, and as representative of the Class of similarly situated persons, by Class Counsel, requests this Court grant final approval of the Agreement.

Respectfully submitted,

s/Cassandra P. Miller
Cassandra P. Miller

Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Thomas A. Zimmerman, Jr.
Sharon A. Harris
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020
(312) 440-4180 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

I, Cassandra P. Miller, hereby certify that on July 19, 2017, I caused to be filed the foregoing documents via the CM/ECF System, which sent notification of such filing to the following parties via electronic mail:

Nicole Marie Strickler
Email: nstrickler@messerstrickler.com

Stephanie Anne Strickler
Email: sstrickler@messerstrickler.com

David M Schultz
Email: dschultz@hinshawlaw.com

Jennifer W. Weller
Email: jweller@hinshawlaw.com

s/Cassandra P. Miller<br>
Cassandra P. Miller

15