

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ERICKSON OCASIO, on behalf of plaintiff and the class members described herein, | ) ) ) | Case No. 1:15-cv-10167 |
| Plaintiff, | ) ) | Judge: Sara L. Ellis |
| v. | ) ) | Magistrate Judge: Maria Valdez |
| FIRST FINANCIAL INVESTMENT FUND V LLC, and TATE & KIRLIN ASSOCIATES, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## FINAL APPROVAL ORDER

Upon consideration of the parties' request for final approval of the Class Settlement Agreement ("Agreement"), between Erickson Ocasio ("Plaintiff"), individually and as representative of the class of persons defined below ("Class"), and Defendants, First Financial Investment Fund V, LLC ("First Financial") and Tate & Kirlin Associates, Inc. ("T&K") (First Financial and T&K are collectively "Defendants"), the Court orders and finds as follows:

1.      On March 14, 2017, the Court preliminarily approved the Agreement on behalf of Plaintiff and a Class consisting of:

> (a) all individuals with Illinois addresses (b) to whom defendant T&K (c) sent a letter on behalf of First Financial (d) offering to settle or discount (e) a medical debt on which the last payment or activity date had occurred more than five years and one month prior to the letter, (f) as to which T&K does not have in its possession a written agreement specifying the dollar amount of the debt and agreement to pay it (g) which letter was sent on or after November 9, 2014 and on or before November 20, 2015.

2.      The Court approved the parties' proposed Class Notice and directed it be mailed to the last known address of the Class Members as shown on T&K's records. The Court is informed that actual notice was sent by first class mail to approximately 1,453 class members by

First Class, Inc., the settlement administrator. A total of 129 envelopes were returned by the United States Postal Service as "undeliverable" with no forwarding address available. There were 3 notices that were returned with forwarding addresses and re-mailed. No class members requested exclusion, and no objections were filed or received. There were 179 claim forms which were returned and postmarked before the June 12, 2017 deadline. Three claim forms were received after June 12, 2017. The parties agreed, subject to Court approval, that the 3 late claim forms will be treated as valid and timely claim forms. The Court has no objection to the parties' decision to treat the 3 late claims as valid and timely. Thus, the "Participating Class" consists of 182 individuals.

3.      On July 26, 2017, the Court held a fairness hearing to which class members, including any with objections, were invited. No class members objected or requested exclusion from the settlement.

4.      The Court finds that the provisions for notice to the class satisfy the requirements of Federal Rule of Civil Procedure 23 and due process.

5.      The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the parties, including the Release and payments by Defendants.

6.      Defendant T&K has reported that it has deposited $20,000.00 in First Class, Inc.'s trust account which shall be distributed pro rata among Class Members who did not exclude themselves and who timely returned a claim form ("Participating Class Members"). Based on the number of Participating Class Members, the Court has been informed that each Participating Class Member will receive approximately $109.89 from the Settlement.

7.     Defendant T&K has also reported that it has delivered all money required under paragraphs 10(a) and 10(b) of the Agreement as follows:

a.     **Relief to Plaintiff**. Defendant T&K has delivered $2,500.00 to Class Counsel for Ocasio's statutory damages and as an incentive award for bringing his claims on behalf of the Class, and

b.     **Attorneys' Fees and Costs**.  Defendant T&K has delivered $35,500.00 to Class Counsel for attorneys' fees and costs subject to approval by this Court.

These amounts shall be distributed by Class Counsel upon the Effective Date.

8.     Twenty-one (21) days after the Effective Date, as defined in the Settlement Agreement, the settlement administrator will distribute all monies set forth in ¶7(a) above. Participating Class Members will receive a check for that member's pro rata share of the settlement fund.  The checks shall be void after sixty (60) days from the date of issuance.

9.     Upon the Effective Date, the parties grant the following releases:

a.     **By the Plaintiff**. Erickson Ocasio grants the following release: Plaintiff, Erickson Ocasio, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), release and discharge Defendants First Financial Investment Fund V LLC and Tate & Kirlin Associates, Inc. as well as their predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, members, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates and trustees, (collectively, "Released Parties"), from any and all claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected or of whatever type or nature which were brought or could have been brought in the Litigation arising out of activities by T&K and First Financial attempting to collect alleged time-barred non-elective medical debts during the time period of November 9, 2014 through the date of execution of this Agreement.  Plaintiff does not release any claims or defenses the Releasors may have against the original creditors concerning the underlying debt Defendants were attempting to collect, and excludes any claims or defenses the Releasors may have regarding the services rendered or treatment received by the original creditors/medical providers.

3

b. **By the Class**. Each member of the Class who does not timely opt out of the Class releases and discharges the Released Parties from any and all claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected or of whatever type or nature that were alleged in the Litigation or that arise out of or relate to the conduct alleged in the Litigation arising out of letters that were sent by T&K on behalf of First Financial containing settlement offers on alleged time-barred non-elective medical debts during the time period of November 9, 2014 through November 30, 2015. However, the Class members do not release any claims for actual damages and do not release any claims or defenses concerning the underlying debt Defendants were attempting to collect and excludes any claims or defenses the Class members may have regarding the services rendered or treatment received by the original creditors/medical providers.

10. The Court finds the Agreement fair and made in good faith.

11. The terms of the Agreement are incorporated into this order.

12. The Court approves The Illinois Bar Foundation as the designated *cy pres* recipient. If any of the settlement checks to the Class are not cashed by the Void Date, said funds (after deduction of any stop payment charges on the uncashed checks) shall be donated and distributed by the Administrator to the Illinois Bar Foundation as a *cy pres* award, within thirty (30) days following the last Void Date of the settlement checks.

13. The Court approves Class Counsel's request for approval of an award of attorney's fees and costs of $35,500.00, which is paid in addition to the Class Recovery.

14. The claims of Plaintiff and the Class are dismissed with prejudice and without costs except for those costs paid pursuant to the Agreement. The Cross claim filed by First Financial against T&K (Dkt #55) is dismissed with prejudice and without costs.

ENTERED: 

United States District Judge

DATE: 7/26/17

4